JOHN H. MEEKER, ·administrator of Chauncey S. French,

*v.*

HELEN E. WARREN et al.

[Filed February 24th, 1904.]

1. A deed given to secure the grantee as surety for the grantor is a mortgage.

2. Under the statute giving judgments priority in the order in which executions are issued thereon, the holder of a junior judgment on which

Meeker *v.* Warren.

execution has issued before issuance of execution on the senior judgment, is not entitled to priority over a mortgage recorded before rendition of the junior judgment, but after the senior judgment.

3. A judgment creditor cannot maintain a bill to set aside as fraudulent a quit-claim deed not conveying the fee.

4. A bill by a judgment creditor to set aside a deed cannot be regarded as one to quiet title where the complainant has not peaceable possession of the land.

· On final hearing.

*Mr. John H. Meeker, pro se.*

*Mr. Edward D. Duffield,* for Mr. Knapp.

*Mr. Adrian Riker,* for himself, as receiver of the Newark Coal Company.

Stevens, V. C.

The material facts are as follows: The bill is filed by complainant, a judgment creditor, against Helen E. Warren, a judgment debtor. It prays, in the alternative, that a deed given by her to John E. Knapp may either be set aside on the ground of fraud or declared to be a mortgage. The complainant has joined as parties other judgment creditors whose judgments antedate his own. He insists that his lien is superior to these judgments, and also to the mortgage deed, if it shall be deemed such.

The defendants, except Mr. Knapp and Mrs. Warren, are holders of judgments, recovered against Helen E. Warren in the months of January, March and May, 1898. No executions issued thereon until after execution was issued by complainant.

The conveyance by Mrs. Warren to Mr. Knapp bears date May 3st, 1899. It was recorded December 7th, 1899. The complainant's judgment (for $879.12) was recovered on June 26th, 1902, and execution issued thereon on the same day. The principal question is one of priorities.

Under the evidence, there can be no doubt that the deed was given to secure Mr. Knapp as surety on a lease made by the

Orange bank to Mrs. Warren. There is no proof that this deed is fraudulent, and it stands, therefore, as a mortgage to- secure· the money ($816) which he paid on his guaranty.

This being so, the case comes directly within the authority of *Clement* v. *Kaighn, 2 McCart. 48;* of *Williams* v. *Gilbert,. 10 Stew. Eq. 84,* and of *Andrus* v. *Burke, 16 Dick. Ch. Rep.. 297.* Under the rule laid down in those cases the priorities are as follows: (1) Knapp's mortgage; (2) complainant's judgment; (3) the judgments of defendants, in the order in which executions were issued.

It is earnestly argued, by complainant's counsel, that the· cases above cited, and which are cases in this court, are repugnant in principle to *Hoag* v. *Sayre, 6 Stew. Eq. 552,* decided by the court of errors and appeals. The difficulty with this position. is that that court thought otherwise. Chief-Justice Beasley said :· "Chancellor Green decided that the first judgment on the· mortgaged premises, by reason of the failure to sue out execution upon it, should be postponed to the encumbrance of the junior· judgments, and, as *an inevitable consequence,* that it should be postponed to the mortgage which was prior to the junior judgments and whose priority was not to be affected by any laches of the holder of a prior judgment." He said, further, that the principle of decision then announced was but the development of the principle maintained and acted on in *Clement* v. *Kaighn.*

In *Clement* v. *Kaighn* there was first a judgment, without execution; then a mortgage, then judgments followed by executions levied. In *Hoag* v. *Sayre,* as the case stood in the court of errors and appeals, there was, first, a mortgage, not properly filed, but of which the second mortgagee had actual notice;· then a second mortgage, then a judgment with execution. In the first case the order of priority was held to be: (1) The mortgage; (2) the junior judgments; (3) the senior judgment. In the second case, the order of priority was held to be: (1) The judgments to the full extent of the first mortgage; (2) the second mortgage; (3) the sum remaining due (if any) on the judgments; (4) the first mortgage. The complainant's contention is that inasmuch as the judgment creditor was, in the·

*Hoag Case,* put in the shoes of the first mortgagee because the second mortgagee had taken with notice, so, in a case standing in the situation of the *Clement Case,* the junior judgment creditor should be allowed to stand in the shoes of the senior judgment creditor, because the senior judgment has priority over the mortgage. There appears, however, to be a difference. The statute declares the unrecorded mortgage on real estate void only to a limited extent. It is void as against judgment creditors; it is good as against the mortgagor and as against his assigns, if those assigns take with notice, and, consequently, as against the second mortgagee. It may well be held that as against the mortgagor and the second mortgagee with notice, the estate carved out of the fee by the first mortgage sufficiently subsists to admit of the judgment lien (perfected by execution) fastening upon it and so taking precedence over the estate of the second mortgagee, who remains in precisely the same position as before. He is neither advanced nor postponed.

On the other hand, judgment liens, before levy, are general and indefinite, vesting no estate. By force of the statute, such liens have precedence in the order of the date of their entry, but this order of precedence may be changed by execution and levy. So far as levies are made, the judgments take precedence in the order in which they are made. Under this statutory system there is no ground for holding that one judgment creditor shall stand in the shoes of another, and have all that other's rights. His lien must either, except, of course, in cases where the judgments or executions are entered or levied simultaneously, precede or follow. Such, to use the words of Chief-Justice Beasley, is the "inevitable consequence" of the legal enactments on the subject.

Whether this be the true ground of the distinction or not, it has been adjudged by the court of errors and appeals to exist, and that, so far as this court is concerned, is an end of the matter. I may add that the hardship, if any, is not upon the junior judgment creditor, who stands, with reference to the mortgage, just as he ought to stand, but upon the senior, who is postponed, not only to the junior, but also to the mort-

gagee. But, it must be remembered, he owes his loss of precedence to his own lack of diligence. The statute says that if he does not levy he shall lose his priority over the creditor who does. And the courts say that as a necessary consequence he shall also be postponed to the intermediate mortgagee. The result of his lack of diligence is that he is visited with a double, instead of a single, penalty. If the fund be greater than the junior judgment, the senior creditor can pay off the judgment and regain his priority by its extinguishment. If it be less than the judgment, he cannot get the fund in any event.

It is further argued by counsel that the deed, being one of quit claim merely, did not convey the fee. If this be so, then complainant's bill should be dismissed, for Mrs. Warren, in that case, still·holds the legal title, and there is nothing to prevent complainant from proceeding with his execution. The bill cannot be sustained as one to quiet title under the statute, for the complainant has not the statutory prerequisite—peaceable possession—and, besides, it is not framed on that theory. But the point itself has been decided adversely to the contention. *Havens* v. *Seashore Land Co., 2 Dick. Ch. Rep. 365.*