This is a motion to strike out an answer and counter-claim on the ground that they are sham in part and frivolous in part. The bill was filed to foreclose a purchase-money mortgage for $15,000 held by the complainant, the lien of which was, by agreement, postponed to the lien of a building and loan association mortgage in the sum of $100,000. The answering defendants are mechanics' lien claimants. They allege that their lien is entitled to priority over the complainant's mortgage because of the postponement of that mortgage to the building and loan mortgage and also because their lien relates back to the date of commencement of the building which was prior to the recording of the building and loan association mortgage. This motion was argued before me on January 18th, 1927, and I advised an order striking out the answer and counter-claim. The defendants then applied for leave to re-argue the matter, and additional briefs have been submitted. A careful examination of these briefs and the authorities therein cited and a consideration of the arguments of counsel but confirm my first impression and convince me that my former decision was correct. The order striking out the answer and counter-claim will therefore be permitted to stand.
The exact point here in controversy was decided in New JerseyBuilding Loan and Investment Co. v. Bachelor, 54 N.J. Eq. 600.
Under the ruling in that case the building and loan mortgage, which was a construction mortgage, is on a par with a purchase-money mortgage, because, according to the affidavits used on this motion, it conclusively appears that all of the moneys secured by the mortgage were used in the construction of the building erected on the premises. Both the building and loan mortgage and the mortgage which is the subject of this foreclosure suit may therefore for the purposes of this motion be considered as purchase-money mortgages. *Page 144 
See, also, Hoag v. Sayre, 33 N.J. Eq. 552; Andrus v. Burke,61 N.J. Eq. 297; Meeker v. Warren, 66 N.J. Eq. 146, andLippincott v. Smith, 69 N.J. Eq. 243, 781. The building and loan mortgage was recorded March 20th, 1926. The mechanics' lien claim of defendant was filed September 2d 1926. Under sections 14 and 15 of the Mechanics' Lien act (3 Comp. Stat. p. 3303) the building and loan mortgage is prior to the mechanics' lien, notwithstanding the fact that it was recorded after the construction of the building was begun. The defendants claim that on this motion the priority of the mechanics' lien claim over that of the building and loan association mortgage is admitted. This is not so. Only facts alleged in pleadings are admitted on motions to strike, which, under the present practice, take the place of the old demurrer. This so-called "fact" is a conclusion of law. The pleadings raise no issue of fact. A legal question only is presented. Defendants also rely on section 28 of the Mechanics' Lien act, but a perusal of that section will be sufficient to show that it does not detract in any way from the provisions of sections 14 and 15.
Defendants' answer also raises some question as to priority between defendants' lien claim and other mortgages subsequent to that of complainant. These questions of priority may be properly disposed of on application for surplus moneys as contended by the complainant and under the provisions of chancery rule 187.
As to the question of priority between the mechanics' lien claim and the building and loan association mortgage, it also appears that the building and loan association is made a party defendant in the mechanics' lien suit and that the question of priority is raised in the pleadings in that suit and may properly be disposed of by the court in which that action is pending.
 I will advise a decree in accordance with these conclusions. *Page 145