ALBERT & KERNAHAN, INCORPORATED,

*v.*

FRANKLIN ARMS, INCORPORATED.

[Decided May 20th, 1929.]

*Mr. Isaac Gross,* for the appellant Hudson and Essex Building and Construction Company.

*Messrs. Weinberger & Weinberger,* for the appellant Service Trust Company of New Jersey.

*Mr. Edward R. McGlynn,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed by a creditor of the Franklin Arms, Incorporated, for the purpose of obtaining a decree

adjudging it to be insolvent; for the appointment of a receiver; and for an order directing the receiver to sell the property and assets of the bankrupt corporation and distribute the proceeds of such sale among its creditors. No answer being filed to the bill of complaint, an *ex parte* hearing was had, which resulted in an adjudication of insolvency and the appointment of a receiver. An order was subsequently made directing the receiver to sell the property and assets of the defendant corporation; and, pursuant to this mandate, the receiver made such sale, the purchase price received by him thereon being $110,000. The receiver having reported the sale, an order was then made referring it to a master to take an accounting of the moneys due to the various holders of encumbrances upon the defendant corporation's property and to state the order in which they were entitled to be paid. It appeared on the hearing had before the master that there were two mortgages upon the property, one for $215,000, made to Rollin J. Francis, as trustee (for whom Service Trust Company of New Jersey was afterwards substituted), to secure an issue of bonds to be made by the mortgagor; and that the purpose of making this mortgage and the issuing of the bonds was to raise money to enable the Franklin Arms to erect a large apartment house upon a tract of land owned by it in the town of Bloomfield. The other mortgage was for $9,500, and was held by the Hudson and Essex Building and Construction Company. It further appeared that there were certain mechanics' liens upon the property, amounting altogether to about $70,000. The mortgage of the Hudson and Essex Building and Construction Company was concededly prior in point of time to the trust mortgage, and also prior to the several mechanics' liens. The proofs further showed that, when the making of the trust mortgage of $215,000 for the purpose above stated was under consideration, the Hudson and Essex company entered into a written agreement with the owners of the property, by the terms of which their mortgage was to be postponed and subordinated to that to be given to the trustee, who agreed that the money to be advanced thereon should be appropriated to the payment of expenses incurred in the erection of the apartment house. The proofs

submitted by the trustee showed that he had advanced moneys to the Franklin Arms to the extent of $44,700 to be used in the payment of moneys due and to become due to contractors engaged in the erection of the apartment house; and also that the Franklin Arms owed the trustee the further sum of $55,485, which was secured by the mortgage, but no part of which was used in or intended to be used in the construction of the building.

A consideration of the facts above stated led the master to the conclusion that the proceeds of sale in the hands of the receiver should be appropriated as follows: First, to the payment of the $44,700 advanced by the trustee, which had gone into the erection of the defendant's apartment house, together with interest thereon; second, to the payment of the various mechanics' lien upon the property; third, to the payment of the $55,485 which was due the trustee and was also secured by the trust mortgage; and, lastly, in satisfaction of the mortgage of the Hudson and Essex Building and Construction Company. Reaching this conclusion, the master so reported to the chancellor. The Hudson and Essex Building and Construction Company excepted to the master's report; but none of the other parties in interest filed any exceptions thereto. A hearing was had before Vice-Chancellor Church on the exceptions filed. His consideration of them led him to the conclusion that they were without merit and he advised an order confirming the master's report. Both the Hudson and Essex Building and Construction Company and the trustee have appealed from the order of confirmation.

Taking up for consideration the appeal of the trustee: Our conclusion is that it should be dismissed. As has just been pointed out, no exception was taken by him to the master's report, and such failure is, by implication, a consent to its confirmation, and, consequently, a bar to an appeal from the order under review. The vice-chancellor has a right to assume that the adjudication of the master is acceptable to all parties who do not except thereto; just as a trial court in an action at law has a right to assume that the charge to the jury is approved by litigants who do not take exception to any part of it.

The appeal of the Hudson and Essex Building and Construction Company, in our opinion, is meritorious. The effect of the order of confirmation is to wipe out any claim to the fund based upon its mortgage, the total amount of the moneys in the hands of the receiver being much less than the amounts directed to be paid to the trustee and the various holders of mechanics' liens. Such an appropriation of the fund is, as we consider it, in violation of appellant's legal rights. Its consent to the postponement of the lien of its mortgage to that of the trust mortgage was limited to so much of the moneys advanced under the latter instrument as was used in the erection of the proposed apartment house of the Franklin Arms. As to moneys advanced upon the trust mortgage to be used for any other purpose, it still retained its priority of lien. The finding of the master, so far as it established the priority of the lien of the trust mortgage over that of the appellant to the extent of $44,700, was entirely justified under the proofs taken before him; but his finding that the additional indebtedness of the Franklin Arms to the trustee was also entitled to priority of payment over the mortgage of the appellant is without legal support.

We consider also that there was error in the finding of the master that the holders of mechanics' liens on the property were entitled to priority of payment as against the appellant. By the contract of the latter with the Franklin Arms, its mortgage retained its priority over all existing or subsequent liens, except that of the trust mortgage, to the extent already indicated. It did nothing which deprived it of its status as the holder of the first encumbrance upon the property, except to that extent, and no additional burthen can be put upon the mortgaged premises to its financial injury, either by the act of the holder of the trust mortgage, or by the act of the holders of the mechanics' liens, or by the joint act of the holders of these encumbrances. In other words, no subsequent lien upon the property can be advanced to its detriment unless it consents thereto. *Hoag* v. *Sayre, 33 N. J. Eq. 552, 561.*

In our opinion, the fund in the hands of the receiver should be first appropriated to the payment to the trustee of the sum of $44,700 advanced by him for the purpose of being used

in the erection of the apartment house of the Franklin Arms, with interest thereon; and that, out of the moneys remaining in the hands of the receiver after making such payment, there should then be paid to the present appellant, the Hudson and Essex Building and Construction Company, the amount of principal and interest due upon its mortgage. What the relative rights of the trustee and the several mechanics' liens holders may be in that part of the purchase-money which will remain in the hands of the receiver after making such payments is a matter with which the Hudson and Essex company is not concerned and is not involved in its appeal.

For the reasons indicated, the order under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.