LINCOLN MATERIAL COMPANY, INCORPORATED, complainant,

*v.*

GOODWIN CONSTRUCTION COMPANY, defendant.

[Submitted October term, 1929. Decided May 19th, 1930.]

*Mr. Jacob W. Silverman* and *Mr. Merritt Lane,* for the appellant.

*Mr. Joseph Steiner,* for the receiver.

The opinion of the court was delivered by

BODINE, J.

A statutory receiver was appointed in the court of chancery for the Goodwin Construction Company. At the time of the receivership the company was engaged in building an apartment house on a tract of land on Walnut street, East Orange, owned by it. The property was encumbered by mortgages and there were several mechanics' lien claims. The receiver made a report by which a mortgage to Samuel Werbel, to the extent of actual advances, was allowed as a prior encumbrance. A mortgage to the Newark Holding Company in the sum of $15,000 was subordinated to certain lien claims but given priority over general creditors.

This report was affirmed.

The appellant, the Newark Holding Company, maintains that its mortgage was either recorded before building operations actually commenced and is, hence, entitled to priority over lien claims, or that it was a purchase-money mortgage to the extent of $5,000; or at least, that it must be preferred to the extent of $5,000, because it was recorded before any lien claims were filed, and that to the extent of $5,000 the money secured by it was actually used in the construction of the building in question.

The receiver finds that the mortgage was dated January 2d, 1925, recorded April 1st, 1925, and re-recorded April

29th, 1925. He further finds that actual building operations had commenced when the mortgage was re-recorded. The report further states that the proofs do not establish that the mortgage secured moneys used in the purchase of the property, and that there is no evidence that any of the money secured by it went into the actual construction of the building.

The court below sustained the mortgage and allowed it as a lien in advance of general creditors. By so doing it disposed of any question affecting the execution of the mortgage and the *bona fides* of the parties. It is therefore not necessary for us to consider suggestions in the receiver's report which may incidentally affect these questions. We think on the proofs that the court properly held that the mortgage was properly executed and that the charges of lack of *bona fides* were not sustained.

The conclusions below as to the dates of the mortgage, its recordation and the commencement of building operations seem sustained by the proofs.

The finding that the mortgage in suit was to no extent a purchase-money mortgage is perfectly consistent with the testimony. The mere circumstances that there may have been a substitution of securities does not establish the substituted mortgage as a purchase-money mortgage. A purchase-money mortgage is valid to the extent that the money advanced upon it went to pay part of the purchase price of the land. *Franklin Society* v. *Thornton, 85 N. J. Eq. 525.* Nor need it be executed at the precise time of the conveyance but must be part of a continuous transaction. *Paul* v. *Hoeft, 28 N. J. Eq. 11.* The contemporaneous intention of the parties is dispositive of that question and our examination of the testimony leads us to the conclusion that the matter was properly settled.

Prior to the purchase of the Walnut street property, the Goodwin Construction Company had owned property on Eagle Rock avenue, West Orange, which was encumbered with two mortgages owned by a man named Sussman. Sussman released one of these mortgages and assigned the other, when the Walnut street property was purchased and the Eagle Rock

avenue property was exchanged for it. The mortgage in question was given to secure him. It is claimed that the money from the assignment went into the actual construction of the Walnut street property.

It is apparent that the mortgage was recorded before any lien claims were filed, and it is apparent that cash advances were made upon that mortgage which may have gone into the construction work upon the building. The proofs on these points, the receiver quite properly found, were not sufficiently clear.

Section 15 of the Mechanics' Lien act provides as follows:

"Every mortgage given or to be given upon lands in this state shall have priority over any claim that may be filed in pursuance of this act to the extent of the mortgage actually advanced and paid by the mortgagee and applied to the erection of any building upon the mortgaged lands or any alterations * * * provided such mortgage be registered or recorded before the filing of any such claim."

The mortgagee is entitled to advances made and applied to building construction between the date of recording the mortgage and date of filing the lien claims. *Bloom* v. *Thirty-six Berwin Street Corp., 101 N. J. Eq. 142.*

The case will be remanded for the purpose of taking further proofs as to the advances used in actual building constructions, and as to the validity and priority of the lien claims upon which the proofs are not clear.

In all other respects the decree will be affirmed.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.