The defendant Walker Cement Products, Incorporated, recovered judgment April 25th, 1929, in the Bergen circuit court against Carmelo Magnifico for $1,284.07. The nature *Page 560 
of the debt for which judgment was rendered does not appear. By deed dated April 30th, 1929, recorded May 14th, 1929, the Tregger Company conveyed a vacant plot of land in Bergen county to Magnifico, the deed reciting that the conveyance was made subject to a first mortgage given to the Fidelity Union Title and Mortgage Guaranty Company for $7,500 and to a second mortgage given to the Tregger Company for $1,250, both of even date with the deed and to be recorded simultaneously therewith. Said two mortgages were executed by Magnifico and wife, both dated April 30th, 1929, and recorded May 14th, 1929, the one to the Fidelity Company reciting that it was given to secure part of the purchase price for the conveyance to Magnifico and the one to Tregger Company reciting that it was subject to the Fidelity Company's mortgage and was given to secure part of the said purchase price.
The Fidelity Company filed a bill to foreclose its mortgage, making the Walker Company and the Tregger Company defendants and claiming priority over both. The master to whom it was referred to take an account and to report priorities, found that the Fidelity Company had advanced on its mortgage $1,100, which paid part of the consideration for the conveyance to Magnifico, and that after recording its mortgage it had advanced from time to time the further total sum of $4,900 toward the construction of a new building on the mortgaged premises and he reported the total sum of $6,000, with interest, due on the Fidelity Company's mortgage. He further reported that $1,250 secured by the Tregger Company's mortgage represented the balance of the purchase price due from Magnifico to that company for its conveyance and that such sum, with interest, was due thereon, and that the full amount of the Walker Company's judgment, $1,284.07, was due on that judgment. He further found and reported that the Fidelity Company's mortgage to the extent of $1,100 and the Tregger Company's mortgage to the full amount thereof were liens on the mortgaged premises, as purchase-money mortgages, prior to the lien of the Walker Company's judgment, and that the Walker Company's judgment *Page 561 
was a lien prior to the balance of $4,900 due on the Fidelity Company's mortgage, and following the principle laid down inHoag v. Sayre, 33 N.J. Eq. 552, he reported the order of priority as follows:
1. Fidelity Co., Amount of mortgage applied to purchase of
 mortgaged premises .................................. $1,100.00
2. Walker Co., Amount of judgment ......................... 1,284.07
3. Fidelity Co., Total advanced on its mortgage, $6,000.00
 Allowed as first lien ......... $1,100.00
 Allowed for Walker Co.
 judgment ...................... 1,284.07
 ___________ 2,384.07
 __________ 3,615.93
4. Tregger Co., Amount of purchase-money mortgage ......... 1,250.00
5. Fidelity Co., Total advanced on its mortgage, $6,000.00
 Allowed as first lien ......... $1,100.00
 Allowed as third lien ......... 3,615.93
 __________ 4,715.93
 ___________ 1,284.07

No objection is made to the amounts found due by the master, but exceptions were filed by the Fidelity Company as to the priorities and the hearing came on before me on the master's report and exceptions thereto.
The master's findings are correct as to the priority of the Fidelity Company's mortgage for that part of its principal which was advanced for the purchase price and as to the Tregger Company's mortgage which secured the balance of the purchase price. By statute (as well as by general principles of equity) a purchase-money mortgage has a lien on the mortgaged land prior to any previous judgment recovered against the mortgagor (Comp.Stat. p. 1535 § 4), and such lien applies to a mortgage given to a third person who advances the purchase price. LincolnMaterial Co. v. Goodwin Construction Co., 106 N.J. Eq. 326.
The Fidelity Company claims that the whole amount advanced on its mortgage is prior to the Walker Company's judgment, its argument being that since the deed to Magnifico and his mortgage to the Fidelity Company were delivered at the same time and were in effect a single transaction, Magnifico had no estate until after the transaction *Page 562 
was concluded, to which the lien of the Walker judgment could attach. In other words, Magnifico was merely a conduit for placing a mortgage on the land to the Fidelity Company and therefore the only equity of redemption Magnifico had, to which the Walker judgment could attach, was that which remained above the amount named in the Fidelity Company and Tregger Company mortgages. To so hold would defeat the statute which provides that a judgment shall bind land from the time of its entry (Comp. Stat. p. 2956 § 2), and the statute which provides that the execution issued on a judgment shall command the sheriff to satisfy the judgment out of any land whereof the debtor was seized on the day judgment was entered, or at any time afterwards (Comp. Stat. p. 2243 § 1), the intent of which statutes is to attach the lien of a judgment not only to land of which the debtor was seized at the entry of the judgment, but to any land or interest therein which he may thereafter acquire instantly upon such land or interest vesting in him.
By the common law and in the absence of statutory regulation, priority of liens, whether by mortgage or judgment, is governed by the date of their acquisition, the first in order of time standing first in order of rank (Westervelt v. Voorhis,42 N.J. Eq. 179; affirmed, 43 N.J. Eq. 642), and the statute (Comp. Stat. p. 1535 § 4) recognized that the lien of a prior judgment against a grantee would attach immediately upon the vesting of title in the grantee, and it was passed evidently to make clear that such lien should not have precedence over a purchase-money mortgage.
Where part of the purchase-money for a conveyance is secured by a mortgage on the land conveyed, the vendee acquires by his deed the equity of redemption over the amount of the unpaid purchase price and that equity he can dispose of, and it is also subject to lien by his creditors. Immediately upon the vesting of title in Magnifico his equity of redemption became subject to the lien of the Walker Company's judgment and he could not by any act of his, such as giving a mortgage thereon, postpone such lien to another lien of his own creation. New Jersey Building, c., Co.
v. Bachelor, *Page 563 54 N.J. Eq. 600. Magnifico's mortgage to the Fidelity Company was, in effect, two mortgages, one a purchase-money mortgage and the other an advance-money mortgage. It cannot be urged successfully that the next day, or a month after acquiring title, Magnifico could place an advance-money mortgage on the property, which would take priority over the Walker Company's judgment, and it is not perceived how the fact that such a mortgage, if given at the time of acquiring title, can operate to the detriment of the judgment creditor whose judgment fastened to the land coincident with Magnifico's seizin. It is true that $4,900 advanced by the Fidelity Company on the faith of its mortgage has enhanced the value of the land, and if its lien is not given priority over the Walker Company's judgment, the judgment creditor will profit at the expense of the Fidelity Company, but the Fidelity Company had constructive notice of the judgment before it advanced any money for the building, and if through oversight or neglect it did not have actual notice, it suffers only for its own fault.
The Fidelity Company points out that the Walker Company's judgment is for $1,284.07 and the amount advanced on the Fidelity Company's mortgage is $6,000, the total of both liens being less than $7,500, and it contends that since the Tregger Company agreed to subordinate its mortgage to a mortgage of $7,500 to the Fidelity Company, the master erred in postponing part of the Fidelity Company's mortgage to the Tregger Company's mortgage. I cannot find merit in this contention, the effect of which would be to give $7,284.07 priority over the Tregger Company's mortgage, instead of $6,000. The agreement under which the Tregger Company postponed its mortgage to the Fidelity Company's mortgage, was that the Fidelity Company, besides paying $1,100 for the purchase of the land, would also advance $6,400 for the building. The Fidelity Company did not carry out its agreement fully, advancing but $4,900 for the building construction. It cannot have a lien under its mortgage for any greater sum than it actually loaned the mortgagor. *Page 564 
Under the principle laid down in Hoag v. Sayre, supra, the Tregger mortgage stands as a lien on the mortgaged lands subject to a prior claim, or claims, for $6,000. The Walker judgment being prior to the Fidelity Company's mortgage, supplants that mortgage and has first place as a lien to the extent of the amount of the judgment. The Fidelity Company's mortgage is a lien prior to the Tregger Company's mortgage to $6,000, less the amount of the Walker Company's judgment. The Tregger Company's mortgage thus retains its position as a lien subject to $6,000 priorities and the Fidelity Company must come last for the remainder of its mortgage debt.
The exceptions to the master's report will be dismissed.