Two suits have been consolidated. Complainant sues to foreclose two mortgages on respective tracts owned by defendant Wasco. Defendant Samdin Realty Company has a blanket second mortgage covering both tracts; defendant Buonanno claims a mechanic's lien on both; and defendant Tattersall Company claims a judgment lien on both. The dispute is as to the priority of liens.
Wasco purchased the lots from the Samdin company for $3,000. Between the contract of purchase and the actual conveyance he commenced the erection of two houses. On June 4th, 1928, the lots were conveyed to Wasco, who gave back to the Samdin company a purchase-money mortgage for the whole $3,000, and the two $4,000 "construction" mortgages held by complainant. By agreement the latter were recorded first, so as to be first in lien.
$2,150 was advanced to Wasco on account of each of the $4,000 mortgages, but thereof only $1,113.22 was traced into the actual construction of the building on tract No. 1, and $681.43 as to tract No. 2. Interest has of course accrued on these sums.
As to tract No. 1 (we need not concern ourselves in detail with tract No. 2, for the principles involved are exactly the same), the master's report finds that the amounts due are as follows:
To complainant ........................................ $2,547.25
 of which only $1,308.89 went into
 the actual building 1,238.36 did not.
To Samdin Co. ......................................... 1,777.15
To Buonanno (lien claim) .............................. 1,138.17
To Tattersall Co. (judgment) .......................... 398.61
 *Page 465 
He also finds that the priorities would be as above mentioned, except for the fact that only part of complainant's advances is proved to have actually gone into the building, and the further fact of the agreement between complainant and the Samdin company whereby the latter's mortgage was to be subordinate to complainants. He determines that the first of these facts would subordinate the $1,238.36 of complainant's advances (which has not been traced into the building) to the Buonanno lien claim, but that the second of these facts entitles complainant, as between herself and the Samdin company, to subrogation to the rights of the Samdin company.
He therefore establishes the priorities as follows:
1st Complainant ....... $1,308.89
2d Complainant ........ 1,238.36 (Out of Samdin Co.'s $1,777.15)
3d Samdin Co. ......... 538.79 (Balance of the $1,777.15)
4th Buonanno .......... 1,138.17
5th Samdin Co. ........ 1,238.36 (Repayment from Complainant)
6th Tattersall ........ 398.61

The lien claimant Buonanno files exceptions claiming that his lien should be paid ahead of all the other claims except only the admitted priority of complainant's $1,308.
Complainant's mortgage was recorded ahead of the Samdin mortgage. This was by agreement — but even without such agreement, complainant's right to the full $2,500 actually advanced, would be prior to the Samdin company's right — unless complainant had had actual notice of the Samdin company's equitable lien for the unpaid purchase price. As between complainant and the Samdin company therefore, complainant is entitled to prior payment of the full amount advanced by complainant on its mortgage; and the master's report so adjudicates.
Complainant's mortgage would also be ahead of the mechanic's lien claim, to the full amount advanced to Wasco (or for his benefit) prior to the time Buonanno commenced his work. JerseyBond and Mortgage Co. v. Wesp Building Co., 105 N.J. Eq. 664.
The lien claim has preference over *Page 466 
complainant's mortgage only to the extent of the moneys remaining to be advanced and which are not thereafter advanced and proved to have been actually applied to the construction of the building. Sections 14 and 15 Mechanics' Lien act.
The master's determination that complainant is entitled to a first lien in her own right to the extent of only $1,308 rests not only upon a finding that only $1,308 was actually traced into the construction, but necessarily also involves and imports a finding that the remaining $1,238 advanced by complainant was not advanced until after the lien claimant had commenced his work. A reading of the testimony returned by the master leaves the impression that the evidence on this last point is somewhat vague and indefinite, but no exception has been filed in regard thereto, and the finding therefore cannot be deemed erroneous.
It is not disputed but that complainant is entitled first to be paid the $1,308 above mentioned. The only exception filed is by the lien claimant — so that the only issue here is as to the correctness of the master's adjudication as between the lien claimant and complainant. The lien claimant contends that his $1,138 should be paid ahead of complainant's $1,238.
There seems no room for doubt but that the issue is controlled by the determination of the court of errors and appeals in Hoag
v. Sayre, 33 N.J. Eq. 552. In that case there was a first mortgagee, a second mortgagee, and a judgment creditor, and by failure of the first mortgagee to observe certain statutory requirements, the judgment lien was superior to that of the first mortgage, although the latter was still superior to the second mortgage and the second mortgage was still superior to the judgment; and it was held that as between the judgment creditor and the first mortgagee, the former was entitled to be paid ahead of the latter.
The instant case (disregarding the admitted priority of a portion of the first mortgage) is essentially on all fours with that case — the immaterial difference being that here we have a lien claimant instead of a judgment creditor. *Page 467 
The exception must therefore be sustained; and this will result in altering the amounts and priorities so that they will be as follows:
1. Complainant (1st mortgage) .... $1,308.89
2. Buonanno (lien claim) ......... 1,138.17
3. Complainant ................... 100.19 (difference between
 complainant's
 $1,238.00 and
 Buonanno's $1,138).
4. Samdin Co. .................... 538.79
5. Complainant ................... 1,138.17
6. Samdin Co. .................... 1,238.36
7. Tattersall .................... 398.61

A similar result is of course necessitated as to the amounts and priorities respecting the other tract.
Complainant relies on Meister v. J. Meister, Inc., 103 N.J. Eq. 78,
and Albert and Kernahan, Inc., v. Franklin Arms,Inc., 104 N.J. Eq. 446. Careful consideration, however, discloses that neither of these decisions supports her contentions. The decision in the Meister Case is that although lien claims (material men) are ordinarily concurrent, nevertheless where certain of them have acquired priority over a mortgage lien and others have not, the former will have priority over the latter as well as (and because of) having priority over the mortgage. The Franklin Arms Case holds that an agreement between a first mortgagee and a second mortgagee that the latter shall have priority over the former to the extent that funds advanced on the latter went into building construction on the mortgaged premises, does not subject the first mortgagee to any greater detriment than that provided by the actual terms of such agreement. *Page 468