GORMAN, Plaintiff in Error, v. SAGNER AND OTHERS, Defendants in Error.

1. An acceptance, by one having a mechanic's lien upon a building, of a deed of trust upon the same, to secure the payment, at a future day, of promissory notes given for the debt which gave rise to the lien, amounts to a waiver of the lien.

*Error to St. Louis Circuit Court.*

*Scire facias* to enforce a mechanic's lien.    Among other facts which it is unnecessary to state, it appeared upon the trial that the plaintiff, Gorman, had accepted from Sagner, for whom the work and labor that gave rise to the lien was done, and who was at that time owner of the building upon which the same was done, two promissory notes payable in ninety days and four months, and also a deed of trust upon said building

to secure the payment of said notes. Billings, one of the defendants, claimed said building by purchase at sheriff's sale, under a judgment upon a mechanic's lien. On the trial, plaintiff offered to surrender the two notes of Sagner. The court ruled that plaintiff could not recover.

*Krum & Harding* and *Gray*, for plaintiff in errror. 1. The execution of the notes and the deed of trust to plaintiff by Sagner did not extinguish plaintiff's lien. It was not an equitable but a legal lien, expressly given by statute, and would not be merged by a mortgage, deed of trust, or judgment. Nothing but payment or an express release would discharge it. (14 J. R. 404 ; 2 Browne, 297 ; 14 S. & R. 32 ; 1 Hals. Ch. 485 ; 5 Watts, 118 ; 2 Miles, 214 ; 6 B. Mon. 67 ; 2 Wheat. 390.) 2. No injustice would be done to Billings by allowing plaintiff to recover ; for plaintiff's lien was regularly filed in the Circuit Court, and suit was commenced on it, before Billings bought, and he bought therefore with full notice. He was bound to take notice of plaintiff's lien claim from the filing of it.

*Knox & Kellogg*, for respondent.

Scott, Judge, delivered the opinion of the court.

From the view we take of this case, it will not be necessary to determine the points of law raised on the trial ; for if the plaintiff's lien was extinguished, it follows as a consequence that he can not recover.

The record raises the question whether the giving of notes, payable at a future day, and a deed of trust to secure their payment on the property on which the lien exists, is a waiver of the mechanic's lien for the debt secured by the notes and deed of trust. Did this question concern only the immediate parties to the deed, it would be a matter of little consequence how it was determined. But when the acts of individuals became the motive to the conduct of others, it is important that such acts should be made to bear their natural construction, so that deceit and imposition upon third persons may be prevented.

Gorman v. Sagner.

When a mechanic's lien exists for a debt, if the giving of a deed of trust to secure the payment at a future day of notes executed for that debt, when that deed covers the identical property covered by the lien, is not a waiver of the lien, it would be difficult to say what act by implication of law would constitute such a waiver.   The notes being for the debt secured by the mechanic's lien, and payable at a future day, that lien could not be enforced during the time the notes had to run; and on their becoming due, there being a power in the trustees to sell the premises for their payment, no end would be attained by holding on to the mechanic's lien.   Why this should be done but for the purpose of discharging the lien and substituting another mode of satisfaction in its stead, it is difficult to imagine.   Such conduct is entirely inconsistent with the idea of the continuance of the lien, and third persons who act upon the faith of such conduct should not be deceived and disappointed of their just expectations.   If either party to the transaction was overreached or was in error as to its consequences, that error can not be remedied at the expense of third persons.

The cases cited by the plaintiff have been examined, and they do not contradict any thing here said.   Although there may be some distinction between an equitable lien and one expressly given by law, yet there is nothing in the cases hostile to the idea that a lien conferred by statute may be extinguished by implication arising from the conduct of the parties.   The strong feature in this case is, that the deed of trust was on the very property subject to the lien.   Had it been on other property the case might have been different.   Courts are inclined to regard securities as cumulative, when it can be done without violence to the rights of third persons.

From the view we have taken of the case, it can make no difference that the lien was filed when the defendant, Billings, became the purchaser.   The deed of trust was also in existence.

The judgment will be affirmed, the other judges concurring.