RAEFORD LUMBER COMPANY v. ROCKFISH TRADING COMPANY ET AL.

(Filed 22 October, 1913.)

1. **Liens — Material Men — Purchaser Without Notice—Interpretation of Statutes.**

The requirement that one furnishing materials for a building must file his lien in six months, applies only as to the rights of a purchaser for value without notice, and where this notice of lien has been filed after the six months period and within twelve months, and the purchaser has acquired the property against which the lien was filed, with actual or constructive notice thereof, he takes subject to the rights of the lienor. Revisal, sec. 2028, amended by chapter 32, Public Laws 1909.

2. **Same—Inquiry.**

The Legislature being presumed to know and legislate with reference to the existing law, by providing an exception as to the time of filing a lien by the material man, "that as to the rights of a purchaser for value and without notice the notice of lien must be filed within six months," is presumed to have done so with reference to the well established principles as to purchasers, that "where one has notice of an opposing claim, he is put 'upon inquiry' and is presumed to have notice of every fact which a proper inquiry would have enabled him to find out." Revisal, sec. 2028, amended by chapter 32, Public Laws 1909.

3. **Liens—Material Men—Purchasers Without Notice—Corporations.**

When the officers of a corporation have received verbal notice of a claim of lien of one who had furnished material for a building, before purchasing it for the corporation, and it appears that the notice of lien had been filed within the twelve months as required by the statute, the corporation acquires subject to the lien; for being purchasers with notice, the statutory exception has no application.

4. Liens—Material Men—Notes—Waiver.

One furnishing material used in the construction of a building does not waive his right of lien by accepting a note for the amount due him therefor, when the note matured before the expiration of the statutory time wherein he is required to file notice of his lien, and he has perfected his right as the statutes require.

5. Liens — Material Men — Purchasers Without Notice—Burden of Proof—Trial—Instructions.

The one who claims he is a purchaser for value without notice of a claim for material furnished on a building, where the notice of lien was not filed within the six months, must bring himself within the proviso, and the burden of proof in this respect is upon him. In this case it is held that the charge as to the burden of proof was immaterial, as there was no real controversy that the purchaser was one without notice.

APPEAL by defendant from *Lyon, J.,* at August Term, 1913, of HOKE.

This is an action to enforce a material lien against real property.

During the spring and summer of 1911, W. N. Campbell bought of the plaintiff material with which to build his house at Rockfish, N. C. The last item of material, as indicated in the notice of lien, was furnished 13 July, 1911. The defendant Campbell gave plaintiff his promissory note for ninety days, which was not paid, and then a renewal note for the same amount for another ninety days, which was not paid, and which was due about the first day of March, 1912.

The notice of lien was duly filed on 13 March, 1912, more than six and less than twelve months after the last of the material was furnished, and after the registration of the deed from W. N. Campbell to the Rockfish Trading Company.

The defendants filed answers denying any liability, and the defendant Rockfish Trading Company further pleaded that it was a purchaser of said property for value and without notice of the alleged claim of plaintiff, and that more than six months had elapsed since plaintiff furnished said material and its notice of lien.

At the trial, A. A. Williford, president of plaintiff corporation, testified that the last of the material was furnished 10

July, 1912, and 19 July thereafter he took defendant's note for said amount and discounted it at the Bank of Raeford. When this note matured it was renewed for another ninety days and again discounted. He further testified that, probably about the first of January, he told J. W. McLaughlin, an officer of the Rockfish Trading Company, that Campbell had not paid them for the material used for building his house at Rockfish.

J. W. McLaughlin testified in behalf of the Trading Company that it bought the house in which Campbell lived and paid value, and probably more, for it, and that some considerable time before the purchase Williford had said something about plaintiff's claim against Campbell, and that there was no encumbrance on the record against the property.

The deed from Campbell to the Rockfish Trading Company, reciting a consideration of $2,000, was introduced.

There was no dispute as to the amount due the plaintiff.

The jury returned the following verdict:

"1. Is the defendant W. N. Campbell indebted to plaintiff on account for material furnished? If so, in what amount? Answer: Yes; $290, with interest.

"2. Did defendant Rockfish Trading Company purchase the land for value and without notice of lien for material furnished by plaintiff? Answer: No."

There was a motion for judgment of nonsuit by the Trading Company, which was overruled, and it excepted.

His Honor charged the jury that the burden of proof was on the defendant Trading Company on the second issue, and it excepted.

Judgment on the verdict for the plaintiff, and the Trading Company excepted and appealed.

*Thomas & Whitley for plaintiff.*
*J. W. Currie and J. G. McCormick for defendant.*

ALLEN, J., after stating the case: The motion to nonsuit rests on two grounds:

1. That it is admitted that the defendant is a purchaser for value, and there is no evidence that it had notice of the lien.

2. That the acceptance of a note for the amount due for material, and its renewal, is a waiver of the right to a lien.

The correct settlement of these questions requires a consideration of section 2028 of the Revisal, which, as amended by chapter 32, Public Laws 1909, reads as follows: "Notice of lien shall be filed, as hereinbefore provided, at any time within twelve months after the completion of the labor, or the final furnishing the materials, or the gathering of the crops: *Provided,* that as to the rights of a purchaser for value and without notice, the notice of lien must be filed within six months."

The statute evidently means that if the material man wishes to protect himself against a purchaser for value without notice, he must file his notice of lien within six months, and that as against purchasers for value with notice, he may do so within twelve months.

It also marks the distinction between "notice to the purchaser" and "notice of lien," using the language, "as to the rights of a purchaser for value without notice, the notice of lien must be filed within six months."

"The Legislature is presumed to know the existing law and to legislate with reference to it" (*S. v. Railway,* 145 N. C., 542), and we must, therefore, assume that at the time of the enactment of the statute it had in mind the particularity required in filing notice of lien, as illustrated in several cases in our reports (*Wray v. Harris,* 77 N. C., 77; *Cook v. Cobb,* 101 N. C., 68; *Jefferson v. Bryant,* 161 N. C., 405), and the principle well established as to purchasers, that "where one has notice of an opposing claim, he is put 'upon inquiry' and is presumed to have notice of every fact which a proper inquiry would have enabled him to find out." *Blackwood v. Jones,* 57 N. C., 57; *Ijames v. Gaither,* 93 N. C., 362; *Whitted v. Fuquay,* 127 N. C., 72.

If this is a correct position, and the term used, "purchaser for value without notice," is construed in accordance with its accepted meaning, there is not only evidence of notice to the defendant, but it is substantially beyond dispute, as one of the officers of the plaintiff testified that he told an officer of the

defendant that Campbell had not paid the plaintiff for the material used in building his house at Rockfish, and the officer of the defendant admitted that before the purchase the officer of the plaintiff said something to him about Campbell owing the Raeford Lumber Company for material used in the house.

The second reason assigned by the defendant in support of his motion for judgment of nonsuit—that the acceptance of a note, and its extension, for the amount due for materials, constitute a waiver of the right to a lien—might avail the defendant if it did not appear that the note became due and was unpaid by Campbell before the time for filing the lien expired.

In 27 Cyc., p. 265, in the article on mechanics' liens, the author says: "An extension of the time of payment is not a waiver of the lien, although the lien is lost if the time for payment is extended by agreement beyond the time allowed for enforcing the lien," and the text is sustained by the decided cases. *Montandon v. Deas,* 14 Ala., 33; *Chisholm v. Williams,* 128 Ill., 115; *Woolf v. Schaefer,* 103 N. Y., App. Div., 567; *Hoagland v. Lusk,* 35 Neb., 376; *Cushwa v. Improvement Co.,* 45 W. Va., 490; *Wisconsin Trust Co. v. Robinson,* 68 Fed., 778; *Goble v. Gale,* 41 Am. Dec., 219.

There is a very full note to the last case, in which many authorities are collected to sustain the position that "the acceptance of the debtor's promissory note is not alone sufficient to effect a waiver of the lien, in the absence of any express agreement that it shall so operate."

We are, therefore, of opinion that there is no error in denying the motion to nonsuit.

The exception to the charge on the burden of proof on the second issue is immaterial, as there is no real controversy as to notice; but if there had been a conflict in the evidence, the burden of the issue is on the defendant.

. The defendant does not rely for its protection upon an exception in the enacting clause of the statute, but upon the proviso, which withdraws from its operation, after six months, purchasers for value without notice, and it devolves upon the defendant to bring itself within the proviso.

In Black on Interpretation of Statutes, p. 275, the author says: "Where the enacting clause is general in its language and objects, and a proviso is afterwards introduced, that proviso is construed strictly, and takes no case out of the enacting clause which does not fall fairly within its terms. In short, a proviso carves special exceptions only out of the enacting clause; and those who set up any such exception must establish it as being within the words as well as within the reason thereof."

The question is fully discussed and the authorities collected in *S. v. Goulden*, 134 N. C., 746.

We are, therefore, of opinion there is no error.

No error.