Pursuant to an order of this court the receiver sold two tracts of land owned by the defendant company and known as the "Morris avenue tract" and the "Salem road tract," on which certain buildings had been erected and which constituted the sole assets of the corporation. The sale was made free and clear of certain mortgages, lien claims and other encumbrances which were in dispute. The total receipts of the receiver resulting from such sale amounted to $55,625, of which $38,125 was received from the Salem road tract *Page 80 
and $17,500 from the Morris avenue tract. After payment out of these funds of mortgages, taxes and receiver's expenses, which had a first claim on the funds, there remained in the receiver's hands $31,062.47 of the Salem road fund, and $17,527.89 of the Morris avenue fund, including interest on bank balances, for distribution amongst lien holders and general creditors. The total amount now in the hands of the receiver for distribution is therefore $48,590.36.
The receiver and his counsel have asked for allowances of $5,000 and $3,500, respectively, for their services. All parties in interest have agreed that an allowance of $5,000 to the receiver is reasonable in consideration of his services, and this amount will be allowed; but all creditors object to the allowance asked for by Mr. Davimos, counsel for the receiver. Considering, but not reciting in detail, the circumstances of his appointment as counsel and the services rendered, I feel that a fee of $1,000 will amply compensate him for anything he has done, and that will be the amount of his allowance.
An allowance of $200 will also be made to the master who audited the receiver's accounts. An apportionment of these fees and receiver's costs between the two funds in his hands results in the sum of $1,992.36 being charged against the Morris avenue fund, and $4,340 being charged against the Salem road fund. This leaves a balance of $15,535.53 for distribution in the Morris avenue fund and $26,621.87 in the Salem road fund.
The receiver has allowed claims against the Morris avenue fund in the following order:
Victory Sash and Door Company, mechanics' lien ............. $1,104.52
Eastern Sash and Door Company, judgment .................... 104.85
Franklin Mortgage and Title Guaranty Company, mortgage, .... 14,000.00

No exceptions to these allowances have been filed except by Franklin Mortgage and Title Guaranty Company and Samuel Litwin. The Franklin Mortgage and Title Guaranty Company excepts to the receiver's account so far as this fund is concerned, because the sum of $85.74 due that company for fire insurance premiums was not allowed and because interest was computed on its mortgage only up to the date of the *Page 81 
receiver's appointment. Both these exceptions will be allowed. The first was the result of an oversight and interest should be allowed on the mortgage up to the date of the receiver's sale, which was June 25th, 1926.
The exceptions filed on behalf of Samuel Litwin are overruled. His mortgage is on the Salem avenue tract and he has no interest whatever in the distribution of the Morris avenue fund.
While no exceptions have been filed on behalf of Morris Bergman, one of the mortgagees, a brief has been filed on his behalf, insisting that the Bergman mortgage of $2,000 mentioned in the receiver's report is entitled to priority over the lien claims of Victory Sash and Door Company, the judgment of Eastern Sash and Door Company and the Franklin Mortgage and Title Guaranty Company mortgage. There are many details in connection with this mortgage which might move the court to exclude it from participation in the distribution of this fund, but I need mention only one. The mortgage was postponed to the lien of the Franklin company mortgage by written agreement, and having been voluntarily postponed to that mortgage it cannot take precedence over encumbrances prior to that mortgage. An attempt is made to bring this mortgage within the doctrine of Hoag v. Sayre,33 N.J. Eq. 552, and give it preference over the Franklin mortgage on the theory that it is entitled to preference over the lien claim and judgment mentioned, but that doctrine is not applicable under the circumstances of this case.
This disposes of all criticism of the receiver's report so far as it affects the distribution of the Morris avenue fund, as the three claims referred to, with accrued interest thereon, will more than exhaust this fund.
The receiver reported and allowed claims against the Salem road fund in the following order of priority:
 1. Harold Holding Company, mortgage recorded 1/29/26 ........ $5,950.00
 2. Elizabeth Sash and Door Company, mortgage recorded
 4/3/26 ................................................ 3,603.03
 3. Plaza Realty Company, mortgage recorded 2/10/26 .......... 8,400.00
 4. Plaza Realty Company, mortgage recorded 4/10/26 .......... 3,000.00
 5. Plaza Realty Company, mortgage recorded 5/8/26 ........... 294.71
 *Page 82 
6. Victory Sash and Door Company, mechanics' lien filed
 8/10/26 ............................................... 2,761.30
 7. Bernard Ericson, mechanics' lien filed 9/22/26 ........... 331.56
 (Both of the above lien claims to share pro rata with
 other lien claims appearing below.)
 8. Samuel Litwin, mortgage recorded 10/6/26 ................. 2,500.00
 9. Max Gerber, mechanics' lien filed 8/28/26 ................ 375.00
10. Robert D. Anderson, mortgage recorded 10/2/26 ............ 3,645.11
11. Cement Products Company, mechanics' lien filed
 10/20/26 .............................................. 1,424.85
12. Franklin Lumber Company, mechanics' lien filed
 12/29/26 .............................................. 1,291.04
13. Blackstrom Brothers, mechanics' lien filed 2/28/27 ....... 577.96
14. Harry Weiss, mechanics' lien filed 3/28/27 ............... 1,250.00
15. Several general judgments which will not be reached in the
 distribution and will not, therefore, be mentioned.

The receiver disallowed the mechanics' lien claim of Samuel Ploransky and of Standard Tile Company. The disallowance of the Ploransky claim is approved for the reasons stated in the receiver's report. The dissallowance of the Standard Tile Company claim is disapproved. The basis of the disallowance was that the claim had been filed when the receiver was appointed, and "the date of the issuance of the summons was not endorsed upon the lien claim as required by the Mechanics' Lien law." But on the date of the receiver's appointment the four months' period within which the Standard Tile Company was privileged to file its lien had not expired. Assuming that the defect complained of was fatal, the claimant could still have protected his lien by filing an entire new claim and abandoning the first proceeding. In other words, the right to file the claim had not then expired, the lien had already attached by virtue of the statute, and upon the appointment of the receiver it was not necessary that a new claim be filed, and it could not have been without leave of court, the rights and priorities of the various claimants became fixed and will be determined as of that date. The Standard Tile Company will therefore share in the distribution among lien claimants of the class to which it belongs.
Samuel Pollock, a carpenter, also filed a claim for $990, and claimed a preference as a labor claim. No mention of the disposition of this claim was made in the receiver's report, but the receiver stated in open court that the claim should be *Page 83 
allowed for $440, that being the amount chargeable against the two months' period immediately preceding the appointment of the receiver. But this claimant's right of preference does not rest upon the provision in the Corporation act for preferred wage claims, but rests upon section 6 of the Mechanics' Lien act which controls and under which he is entitled to be preferred to the full amount of his claim.
Bernard Ericson filed a mechanics' lien claim on September 22d 1926, in the sum of $331.56 against the Morris avenue tract. By inadvertence, apparently, the receiver has allowed this claim against both the Morris avenue tract and the Salem road tract, and it so appears in his report. The allowance of the claim against the Salem road tract is in error, and it will be disallowed now.
Numerous exceptions and objections have been filed to the receiver's report, but their detailed recital would be too cumbersome. I have considered them all with the result that, for reasons hereinafter stated, the various claims against the Salem road fund are allowed in the following order of priority:
1. Harold Holding Company, mortgage ................ $6,535.79
2. Plaza Realty Company, mortgage .................. 9,101.40
3. Plaza Realty Company, mortgage .................. 3,225.00
4. Plaza Realty Company, mortgage .................. 313.94
5. | Victory Sash and Door Company, lien claim ..... 2,920.92
 
 | Max Gerber, lien claim ........................ 375.00
6. Samuel Litwin, mortgage ......................... 2,621.88
7. Samuel Pollock, preferred wage claim ............ 990.00
8. Cement Products Company, Standard Tile Company,
 Franklin Lumber Company, Blackstrom Brothers,
 Harry Weiss ................................... 537.95

Interest has been allowed on all mortgages up to the date of the receiver's sale, it being assumed for the purposes of this decision that the proceeds of the sale came into the receiver's hands on that date.
The Elizabeth Sash and Door Company mortgage and the mortgage of Robert D. Anderson were allowed by the receiver as mechanics' lien claims, those mortgages having been given to secure the price of materials furnished and to be furnished for the construction of the buildings on this tract. Their allowance was evidently based on the theory that they stood *Page 84 
in the position of advance money mortgages. But that is not so. Both mortgages were taken in an attempt to gain a preference over other claimants who furnished labor and materials for these buildings and in direct contravention of the provisions of the Mechanics' Lien act, and, therefore, are a fraud on the act. After the execution of its mortgage the Elizabeth Sash and Door Company relied solely upon it for payment of its claim and instituted foreclosure proceedings thereon making the insolvent company and various mechanics' lien claimants who had already filed lien claims defendants in those proceedings. A decree proconfesso had been entered against the insolvent corporation mortgagor at the time the receiver was appointed. Answers had been filed in that suit, however, by the Victory Sash and Door Company and some other lien claimants. That suit was referred to me for hearing in connection with the receivership matter, and thereafter the complainant in the foreclosure suit filed with the receiver a claim based on its mortgage, and not on any supposed right of mechanics' lien. Anderson also filed with the receiver a claim based on his mortgage and not on a right to a mechanics' lien. Clearly it was the intention of these mortgagee claimants to substitute a mortgage for their mechanics' liens which they thereby waived. Weaver v. Demuth, 40 N.J. Law 238; 18 R.C.L.tit. "Mechanics' Liens" 971 § 113; 40 C.J. tit. "Mechanics'Liens" 323 § 425. The result of these attempts to obtain an unlawful preference is that these claimants have postponed their claims to all mechanics' liens, and as there is not sufficient money in the hands of the receiver to pay the mechanics' lien claims in full, the Elizabeth Sash and Door Company and Robert D. Anderson cannot participate at all in the distribution.
The claims of Victory Sash and Door Company and Max Gerber are given priority over the Samuel Litwin advance money mortgage because filed before that mortgage was recorded. Mechanics' LienAct § 15.
These claims are also entitled to priority over the other lien claims because they are prior to the intervening Litwin mortgage to which the other lien claims are subject. The receiver in his report determined that the Victory claim, *Page 85 
while entitled to priority over the Litwin mortgage, should not be paid in full, but should share pro rata with the other lien claims listed under item eight above; that the amount of those two claims should be first deducted from the fund, and after payment of the Litwin mortgage added to what remained, and that sum distributed among all lien claims pro rata, basing his decision on the section of the Mechanics' Lien act, providing that all liens, except for labor, should be concurrent. In this decision I am convinced the receiver was in error. While there is some contrariety of opinion on this point in this country, the majority rule favors the distribution on the basis indicated by me. 40 C.J. tit. "Mechanics' Liens" 285 § 357, notes and cases cited; 20 Am. Eng. Encycl. L. 478; Phil. Mech. L. (3ded.) § 253; Rockel Mech. L. § 146; Choteau v. Thompson Campbell, 2 Ohio St. 114; Hazard Powder Co. v. Loomis Campbell, 2 Disn. (O.) 544. It is claimed that the question is an open one in this state, but if there is no reported decision involving the question, the general rule has been followed by this court in at least one unreported case. Scharff
v. Natwein Realty Co., Chancery Docket 61 p. 2. But it would seem that the question is disposed of by the Mechanics' Lien act itself. Section 14 of that act provides that advance money mortgages shall have priority over lien claims to the extent of moneys advanced and applied to the building provided the mortgage is recorded before such lien claims are filed. Inferentially, such mortgage is subsequent to all lien claims filed before the mortgage is recorded. Some lien claims, therefore, may be prior to the mortgage and some subsequent, as here. This divides the lien claims into two classes. The payment of the prior lien claims in preference to those subsequent to the mortgage is the reward of diligence. To prorate the lien claims in both classes would be to make all, in effect, prior or subsequent to the mortgage. Either the claims which the statute says are prior would be postponed to the mortgage, or those which are subsequent would, in effect, be advanced over the mortgage. The same lien cannot be both prior and subsequent.
I will advise a decree in accordance with these conclusions. *Page 86