## 48640. ATLANTA JEWISH COMMUNITY CENTER, INC. v. TOM BARROW COMPANY.

PANNELL, Judge. Defendant entered into a construction contract on June 16, 1970, with Nelson, Farber & Franson, Inc., for certain improvements to the Center. Thereafter, a sub-contract was let. The sub-contractor then ordered certain materials from the plaintiff, who in turn, reordered from a Florida concern. The last of the materials ordered by the plaintiff were consigned to the sub-contractor and delivered prepaid by the vendor to a carrier in Miami, Florida on December 23, 1970; arrived at the carrier's Atlanta office on December 27, 1970; and, on December 30, 1970, pursuant to the sub-contractor's request, were delivered

to the job site and thereafter incorporated into the realty. The sub-contractor subsequently was declared a bankrupt. Plaintiff's materialman's lien was filed on March 24, 1971. The total contract price of $434,278.19 between the owner and the contractor has been satisfied to the extent of $430,795.26, leaving a sum owing in excess of plaintiff's claim of $1,973.69. Of the amount paid by the defendant, $163,302.14 was paid on six occasions in divers amounts following the filing of the materialman's lien. Some eleven months later, on February 10, 1972, the contractor filed an affidavit that reflected they had "paid the agreed price or reasonable value thereof for all work done, material furnished, or such services furnished or rendered." The materialman-plaintiff's lien remains unpaid.

The defendant below filed a motion for summary judgment, which was denied by the trial court. The case was subsequently tried upon stipulated facts and following findings of fact and conclusions of law entered by the trial judge, judgment was entered in favor of the plaintiff. *Held:*

It is enumerated that the plaintiff's claim of lien on March 24, 1971, was filed untimely within the meaning of Ga. Laws 1967 (Code Ann. § 67-2002 (2)), since the last item of the materials was furnished on December 23, 1970, when it was received prepaid by the common carrier in Miami, Florida. We are confronted with a case of first impression for we find no Georgia precedents defining when material is deemed to have been "furnished" as used in the pertinent statute. Initially we observe that the liens of laborers and materialmen do not rest upon contract, but upon the law which gives to them liens of labor performed and material furnished in the improvement of real estate. *Williams v. Brewton,* 170 Ga. 164 (1) (152 SE 441). These liens are creatures of statute and must be strictly construed as they relate to classes of persons who may claim a lien and the improvements and kind of property on which it may be obtained. Other than these, the weight of authority holds that the courts should give the statutes a fair and equitable construction. *Athens Lumber Co. v. Burton,* 84 Ga. App. 249, 250 (66 SE2d 124).

A contention similar to defendant's in the instant case was before and summarily rejected by the Supreme Court of Appeals of West Virginia in Ga. Lumber Co. v. Harrison Const. Co., 103 W. Va. 1 (136 SE 399). In United States v. Wyatt, 174 FSupp. 260 (N. D. Fla.), a decision construing the Miller Act (40 USCA § 270b (a)), the last item supplied by the materialman was a thermometer

placed prepaid aboard a bus in the same city and delivered the following day to the subcontractor. As to when the last materials were "furnished," Judge Carswell held: "Giving the use plaintiff the benefit of any doubt, then it cannot be said that the thermometer was 'furnished or supplied' within the meaning of the Act until it reached the hands of the sub-contractor which was September 27, 1957." We hold this to be the correct rule. Accordingly, the trial judge did not err in finding that the last material was not delivered until December 30, 1970, and that the lien was timely filed.

Other enumerations of error are either disposed of by this opinion or considered to lack merit.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED OCTOBER 5, 1973 — DECIDED JANUARY 23, 1974.

*Fine & Block, Sturgis Bates,* for appellant.

*McClain, Mellen, Bowling & Hickman, Arthur Gregory,* for appellee.