247 S.E.2d 728 (1978)
38 N.C. App. 144
RALEIGH PAINT AND WALLPAPER CO.
v.
PEACOCK & ASSOCIATES, INC., Ray A. Kanoy and wife, Sherry D. Kanoy, Great Century, Inc., trustee, and Builders Federal Savings & Loan Association of Rocky Mount.
No. 7710DC886.
Court of Appeals of North Carolina.
October 3, 1978.
*730 Brenton D. Adams, Raleigh, for plaintiff-appellee.
Seay, Rouse, Johnson, Rosser & Harvey by Larry D. Johnson, Raleigh, for defendants-appellants.
MORRIS, Judge.
The ultimate issue in this case is whether a lien claimant who furnishes materials for the improvement of real estate pursuant to a contract with the owner must himself deliver such materials to the site of the improvement before the claimant is entitled to a valid materialman's lien pursuant to Part 1, Article 2, Chapter 44A of the General Statutes.
The defendants contend that there exists, based upon the record, a genuine issue of material fact which would require a reversal of the granting of plaintiff's motion for summary judgment. See G.S. 1A-1, Rule 56(c). In support of its motion for summary judgment, the plaintiff submitted its verified complaint and answers to interrogatories. The defendant submitted no verified answer, affidavits, or other pleadings in opposition to the motion for summary judgment.
There is no question but that the material was delivered by someone and that it was used in the construction. The material issue of fact asserted to exist by the defendants concerns whether the materials supplied by the plaintiff were delivered to the site of the construction by plaintiff or his agent. The materiality of this fact question depends upon whether the statute requires actual delivery to the site by the lien claimant. "An issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action." Koontz v. City of Winston-Salem, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). Because we find, as discussed below, that the statute does not require delivery to the site personally by the lien claimant, any question of fact as to who delivered the material is not controlling; and, since there is no material issue of fact, it is unnecessary to determine whether the defendants' mere denials in their answer sufficiently raised the genuine issue of fact on summary judgment. See G.S. 1A-1, Rule 56(e); Hickory White Trucks, Inc. v. Bridges, 30 N.C.App. 355, 227 S.E.2d 134 (1976).
The defendant contends that G.S. 44A-8, read in conjunction with subsequent provisions *731 of Article 2, Chapter 44A, requires, as a prerequisite to the attaching of a materialman's lien, that the materials be delivered to the site of the improvement by the person claiming the lien. For the reasons discussed below, we disagree.
The statutory provisions under consideration read, in pertinent part, as follows:
"§ 44A-8. . . . Any person who. . . furnishes materials pursuant to a contract, either express or implied, with the owner of real property for the making of an improvement thereon shall, upon complying with the provisions of this Article, have a lien on such real property to secure payment of all debts owing for . . . material furnished pursuant to such contract." (Emphasis added.)
"§ 44A-10. . . . Liens granted by this Article shall relate to and take effect from the time of the first furnishing of labor or materials at the site of the improvement by the person claiming the lien." (Emphasis added.)
"§ 44A-12. . . . (b) . . . Claims of lien may be filed at any time after the maturity of the obligation secured thereby but not later than 120 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien." (Emphasis added.)
"§ 44A-13. . . . (a) An action to enforce the lien created by this Article may be instituted in any county in which the lien is filed. No such action may be commenced later than 180 days after the last furnishing of labor or materials at the site of the improvement by the person claiming the lien." (Emphasis added.)
The defendant contends that the language emphasized in G.S. 44A-8, supra, should be read as meaning "material delivered at the site of the improvement by the person claiming the lien." This interpretation has been suggested by the authors of two recent articles. Humphrey: Position, Priorities and Protection of Parties and Statutory Liens in N. C., Bar Association Foundation Institute on Troubled Real Estate Ventures and New Use and Ownership Concepts, IV 1-23 (p. 11) (May 1975); Urban and Miles, Mechanics' Liens for the Improvement of Real Property: Recent Developments in Perfection, Enforcement and Priority, 12 Wake Forest L.Rev. 283 (1976). Although this interpretation could fit consistently into the statutory language, it imposes an additional burden on the lien claimant that is unwarranted, considering the language, policy, and scheme of the statute.
Statutory rights to materialmen's liens are based upon the equitable principle that it is just to grant a lien against property which has been enhanced in value by the use of the materialmen's goods. 57 C.J.S. Mechanics' Liens § 1. Like North Carolina, the vast majority of the states provide for priority of the materialman's liens depending upon the time materials are furnished at the site of the improvement. See e. g., G.S. 44A-10; Fla.Stat.Anno. 713.01 et seq. (West); Minn.Stat.Anno. § 514.01 and 514.05; N.D.Cent.Code § 35-27-01 et seq.; Tenn.Code Anno. § 64-1101 et seq. But see Md. [Real Property] Code Anno. § 9-101 et seq. The requirement of furnishing materials at the site provides visible notice to subsequent lienors and encumbrances of the priority of suppliers of material. Cf. Minn. Stat.Anno. §§ 514.01 and 514.05; Tenn.Code Anno. § 64-1101 ("Visible commencement of operations"); Tex. [Liens] Code Anno. Title 90, art. 5459(2)(a). An inspection of the premises, like a search of the county land records for recorded liens and encumbrances, provides actual notice of superior liens. The visible placement of materials on the premises, like the proper filing of documents affecting land title, impart constructive notice to all persons of the priority of that lien. No lien shall attach prior to actual and visible placement of materials on the ground. Dunham Assoc., Inc. v. Group Inv., Inc., 301 Minn. 108, 223 N.W.2d 376 (1974) (interpreting Minn.Stat.Anno. §§ 514.01 and 514.05 which is in relevant language and structure essentially the same as G.S. 44A-8 and 44A-10). The test of whether the placement is sufficiently visible is whether a person is able, in the exercise *732 of reasonable diligence, to see that materials have been placed on the site. Kloster-Madsen, Inc. v. Tafi's, Inc., 303 Minn. 59, 226 N.W.2d 603 (1975). The requirement for visible placement is, of course, for the protection of third parties. Botsford Lumber Co. v. Schriver, 49 S.D. 68, 206 N.W. 423 (1925) (interpreting S.D. Compiled Laws Anno. § 44-9-1 and 44-9-7essentially the same as G.S. 44A-8 and 44A-10 and Minn. Stat.Anno, noted supra).
The requirement of visibly placing materials on the site of the improvement does not of necessity impose the further requirement that the lien claimant himself actually deliver the materials to the site. Such a requirement would not serve to further the requirement of notice to third parties. Consequently, other courts have properly refused to impose such a requirement on the lien claimant. Delivery to a place other than the site of the improvement, if made with the intent that materials will be later placed on the site, and if they are so placed, will support a lien. Dealers Supply Co. v. First Christian Church, 38 Tenn.App. 568, 276 S.W.2d 769 (1954); cf. Atlantic Jewish Community Center, Inc. v. Tom Barrow Company, 130 Ga.App. 608, 203 S.E.2d 921 (1974); see also Builder's Lumber Co. v. Stuart, 6 Wis.2d 356, 94 N.W.2d 630 (1959); 57 C.J.S. Mechanics' Liens § 42.
For the foregoing reasons, we hold that the lien claimant is not required by statute to make the delivery personally of materials to the site of the improvement so long as the materialman furnished the goods with the intent that they would later be placed on the site and they were so placed. The lien, when properly perfected, will relate to and take effect from the first furnishing of materials on the site.
Affirmed.
HEDRICK and MITCHELL, JJ., concur.