MONTE M. MILLER, TRUSTEE; JOSEPH O. TAYLOR, TRUSTEE; AND VIRGINIA NATIONAL BANK v. LEMON TREE INN OF WILMINGTON, INC.; JAMES E. BRIDGMAN AND WIFE, GERALDINE R. BRIDGMAN; EDGAR C. BOWLIN AND WIFE, PEGGY O. BOWLIN; THOMAS R. JACKSON AND WIFE, ANGELA JACKSON; O. EDWIN ESVAL AND WIFE, TERESA ESVAL; GODLEY CONSTRUCTION CO., INC.; T. L. SHOUPE, D/B/A T. L. SHOUPE COMPANY; H. W. CARRIKER COMPANY, INC.; R. D. McCALL, INC., D/B/A HURRICANE FENCE CO.; WINFRED R. ERVIN, TRUSTEE; G. MARLIN EVANS, TRUSTEE; CHARLES G. SIMS; FELIX A. EUFORBIA; AND SOUTH CAROLINA NATIONAL BANK

No. 785SC52

(Filed 19 December 1978)

**Laborers' and Materialmen's Liens § 8— acceptance of note—waiver of lien**

The acceptance of a note secured by a deed of trust on the identical property subject to the materialman's lien and which matures beyond the period for perfecting the materialman's lien constitutes a waiver of that lien.

APPEAL by defendant, Godley Construction Company, Inc., from *Rouse, Judge.* Judgment entered 17 October 1977 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 18 October 1978.

This is an action for judicial foreclosure of a deed of trust. The suit was instituted by the trustees under a deed of trust executed by Lemon Tree Inn of Wilmington, Inc. (hereinafter Lemon Tree Inn) to secure a note in the principal amount of $1,200,000 payable to Virginia National Bank. Plaintiffs prayed that judgment be entered against Lemon Tree Inn and that a commissioner be appointed to sell the property, the conveyance to be subject only to a utility easement and ad valorem taxes for the years 1974 and 1975.

Defendant, Godley Construction Company, Inc. (hereinafter Godley) answered the complaint averring that it was general contractor for construction of the motel, the subject of the foreclosure action, and was entitled to a lien on the property superior to that of the deed of trust to Virginia National Bank.

Plaintiffs moved for summary judgment on the grounds that the pleadings, depositions, answers to interrogatories and admissions of fact presented no material issues of fact and established that plaintiffs were entitled to judgment as a matter of law. Godley filed an affidavit in opposition to the motion averring that

a material quesion of fact existed as to whether the bank's lien is in all respects superior to that of the defendant since the deed of trust was not drafted to comply with G.S. Chapter 45, Article 7, relating to instruments securing future advances.

The uncontroverted facts gleaned from the pleadings, affidavits, and interrogatories establish the occurrence and sequence of the following events: The defendant, Godley, a general construction contractor, built for Lemon Tree Inn several motels in other cities and sold to it other motels which Godley had constructed and planned to operate itself. Lemon Tree Inn contracted for construction of an inn to be located in Wilmington. The primary contract called for Godley's services only after all proper land grading had been completed. Although Lemon Tree was originally to supervise the grading itself, the President of Godley agreed to attend to that matter because of Lemon Tree Inn's inexperience in supervising construction projects. Godley hired and compensated subcontractors to prepare the construction site. He was reimbursed for those payments by Lemon Tree Inn. This site preparation commenced on 10 May 1973.

Construction pursuant to the primary contract took place between 13 June 1973 and 25 November 1974. The general practice with respect to compensation for the general contractor was for Godley to bill Lemon Tree Inn for the estimated work done each month. The account statement prepared by Godley indicates that Lemon Tree Inn, in July of 1974, terminated all payments for work done. Godley completed the construction, nevertheless, because of his obligations to the subcontractors.

Lemon Tree Inn executed and delivered to plaintiffs on 30 April 1973, a note and deed of trust covering the subject property to secure the construction loan. The deed was recorded 12 June 1973 in Book 973, at page 758, New Hanover County Registry.

Godley executed on 6 May 1973 a "Contractor's Affidavit of Non-Commencement of Construction" reciting:

"[T]hat as of the date hereof, which is a date subsequent to said date of filing of said mortgage or deed of trust [to Virginia National Bank], no materials or equipment were situated on the said premises and there was nothing whatsoever thereon to evidence the visible commencement of con-

struction or to visibly evidence the intent to commence construction."

"That this affidavit is made for the purpose of inducing the making of a loan on said property and LAWYERS TITLE INSURANCE CORPORATION to issue its policy or policies insuring the title to said property without exception to claims of mechanics, materialmen and laborers, and said affiant does hereby agree to indemnify and hold LAWYERS TITLE INSURANCE CORPORATION harmless of and from any and all loss, cost, damage and expense of every kind, including Attorneys' fees, which said LAWYERS TITLE INSURANCE CORPORATION shall or may suffer or incur or become liable for under its said policy or policies directly or indirectly, out of such improvements, repairs or other construction on the property hereafter described or on account of any such mechanics' or materialmen's lien or liens or claim or claims, or in connection with its enforcement of its rights under this agreement."

On 25 October 1974, Lemon Tree Inn executed and delivered to Godley its negotiable promissory note in the principal amount of $450,000 payable 25 October 1975. The note was secured by a deed of trust recorded 28 October 1974 in Book 1016, at page 693, New Hanover County Registry. It was given as "additional security" for the obligation of Lemon Tree Inn and the "consideration was forbearance of Godley Construction Company, Inc., to institute suit".

Godley filed a notice of claim of lien 27 November 1974, which recited that labor and materials were furnished from 16 April 1973 until 25 November 1974, at a value of $450,000. On 7 May 1975, Godley filed a counterclaim in a suit instituted by Lemon Tree Inn praying that its claim of lien be declared a lien upon the subject property effective 16 April 1973. On 3 May 1976, a voluntary dismissal of the complaint in that action was executed by officers of Lemon Tree Inn while the company was the subject of bankruptcy proceedings. This dismissal was never filed nor signed by representatives of Godley.

From the order of summary judgment ruling that, as a matter of law, plaintiffs' deed of trust is a lien superior to Godley's asserted materialman's lien, defendant, Godley Construction Company, Inc., appeals.

*Murchison, Fox, and Newton, by James C. Fox; and Carr and Swails, by James B. Swails, for plaintiff appellee.*

*Ervin, Kornfeld & MacNeill, by Winfred R. Ervin and John C. MacNeill, Jr., for defendant appellant Godley Construction Company, Inc.*

MORRIS, Chief Judge.

The sole question for decision concerns whether the deed of trust securing Lemon Tree Inn's note to Virginia National Bank is entitled to priority over a materialman's lien claimed by Godley. The parties have asserted numerous theories in support of their contentions. However, the determinative question is whether the note and deed of trust to Godley on 25 October 1975 displaced its rights to a lien on the property. Because we hereinafter so find, it is inconsequential whether the defendant properly perfected its lien or whether the affidavit of non-commencement executed 6 May 1973 effectively waived the right to assert a materialman's lien.

Similarly, because the right to assert the lien was thereby waived, we need not consider defendant's argument that this construction loan deed of trust was in fact an instrument securing future advances and requiring compliance with G.S. 45-67 *et seq.* No security instrument regardless of whether it secures future advances or future obligations, which is otherwise valid, shall be invalidated by failure to comply with the provisions of Article 7, Chapter 45 of the General Statutes. G.S. 45-74. The deed of trust securing the note for construction costs is "otherwise valid", and its failure to comply with the statutory provisions does not operate to destroy its priority over defendant Godley's deed of trust.

The cases are abundant on the topic of the waiver of a materialman's lien. The concept of waiver becomes an issue when there is a taking of additional security, retention of title to materials, execution of an unsecured note for the debt, or execution of a secured note for the same debt. *See generally* 57 C.J.S., Mechanics' Lien § 222 *et seq.*; 53 Am. Jur. 2d, Mechanics' Liens § 289 *et seq.*; Annot., 65 A.L.R. 282 (1930); Annot., 91 A.L.R. 2d 425 (1963). The paucity of recent cases on the topic is probably due to the clarification of the subject in the modern lien statutes

of many states. Several of these statutes provide that, in the absence of an express agreement to the contrary, the taking of a note does not waive the right to a lien. *See e.g.,* Fla. Stat. Anno. § 713.20 (West); N.D. Cent. Code § 35-27-20; Tenn. Code Ann. § 64-1124. Our recently enacted statute, Article 2, Chapter 44A, does not address the issue of waiver of the right to the mechanics' lien. Therefore, we must turn to case law for guidance. The sole North Carolina decision on the topic of waiver of statutory liens will be discussed *infra.*

The majority of the cases hold that the taking of an unsecured note that matures within the period for the perfection of a materialman's lien does not waive the right to such a lien. *See generally* Annot., 91 A.L.R. 2d at 429 and 441. However, where the unsecured note of the party whose property is subject to the lien matures after the expiration of the period for enforcing the mechanics lien, there are a number of cases finding a waiver of the lien. *Id.* at 445. The reasoning of these cases is as follows:

> "The taking of a promissory note for a debt already due suspends the right of action to collect it, and the right of any action to enforce any lien that secures it until the maturity of the note. If its due date is subsequent to the expiration of the time limited by the statute for the commencement of the action to enforce the security, the lien is necessarily renounced, and the payee of the note has estopped himself to enforce it the moment the note is accepted, because he cannot bring an action for that purpose without violating his contract to extend the time of payment of the debt until the note matures." *Westinghouse Air Brake Co. v. Kansas City So. R. Co.,* 137 F. 26, 38 (8th Cir. 1905).

This reasoning has been followed even in states where, by statutory enactment, the mere taking of a note is not deemed a waiver of the right to a lien. Such statutes have repeatedly been construed as referring to the taking of a note that falls due within the time for perfection of the materialman's lien. *Miller-Phiehl Co. v. McCormick,* 170 Wis. 378, 174 N.W. 542 (1919); *Bristol-Goodson Elec. Light and Power Co. v. Bristol Gas, Electric, Light & Power Co.,* 99 Tenn. 371, 42 S.W. 19 (1897).

Our Supreme Court apparently approved the rule that acceptance of a note maturing beyond the period for perfecting the lien constitued a waiver of that lien. The Court, in *Lumber Co. v. Trading Co.*, 163 N.C. 314, 79 S.E. 627 (1913), commented as follows:

> "The second reason assigned by the defendant in support of his motion for judgment of nonsuit — that the acceptance of a note, and its extension, for the amount due for materials, constitute a waiver of the right to a lien — might avail the defendant if it did not appear that the note became due and was unpaid by Campbell before the time for filing the lien expired.
>
> In 27 Cyc., 265, in the article on machanics' (sic) liens, the author says: 'An extension of the time of payment is not a waiver of the lien, although the lien is lost if the time for payment is extended by agreement beyond the time allowed for enforcing the lien,' and the text is sustained by the decided cases." 163 N.C. at 318.

However, the jurisdictions are not in agreement as to the effect of taking a note secured by a deed of trust on the identical property subject to the lien. 57 C.J.S., Mechanics' Lien § 227(b); 53 Am. Jur. 2d, Mechanics' Liens §§ 302-303. The prevailing view, however, appears to find the determinative factor to be whether the parties intended to extinguish the right to the lien. See the Court's discussion in *Martin v. Becker*, 169 Cal. 301, 146 P. 665 (1915). *See e.g., Portland Bldg. & Loan Ass'n. v. Peck*, 110 Conn. 670, 149 A. 214 (1930); *Meister v. J. Meister, Inc.*, 103 N.J. Eq. 78, 142 A. 312 (1928); *see generally* Annot., 65 A.L.R. at 303 and 304. Nevertheless, it has been held that the taking of such a mortgage upon the same property necessarily shows the parties intended to waive the lien:

> " 'The agreement for a particular kind of lien upon the same property, to which the mechanics' lien would usually attach, must necessarily be exclusive of all other liens. Such must evidently be the purpose when the agreement is made, though they may not state it in express words, and such would be the construction which others, in dealing with the property, would ordinarily put upon it. In legal effect the contractor waives his lien to obtain another in a different form
>
> . . . .

. . . Thus, if notes be given and credit be extended beyond the time for bringing the action, the remedy by lien is lost, because it is inconsistent with the statute. So, as in this case, if the bargain is made for a specific lien on the same property, another lien for the same debt by statute must be waived, because of its inconsistency. . . .'" *Charles K. Spaulding Logging Co. v. Ryckman*, 139 Or. 230, 6 P. 2d 25, 29 (1934) (quoting *Weaver and Pennock v. Demuth*, 40 N.J. Law 238). *See also Barrows v. Baughman*, 9 Mich. 213 (1861); *Gorman v. Sagner*, 22 Mo. 137 (1855).

The defendant, Godley, asserts that there is a material question of fact concerning whether he intended to waive the lien. However, the rule is well established that a party opposing a motion for summary judgment is required to produce affidavits setting forth specific facts showing that there is a genuine issue for trial. G.S. 1A-1, Rule 56 (e). Godley's affidavit merely asserts that questions of fact exist concerning the advances pursuant to the construction loan by Virginia National Bank to Lemon Tree Inn. An issue of fact is material if its resolution would prevent the party against whom it is resolved from prevailing in the action or if the fact or facts would constitute a legal defense or affect the result of the action. *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897 (1972); *Wallpaper Co. v. Peacock & Assoc.*, 38 N.C. App. 144, 247 S.E. 2d 728 (1978). Since it is not determinative of this case whether the deed of trust to Virginia National Bank is an instrument to secure future advances, the questions of fact, which Godley asserts exist, are not material to the resolution of this case.

Godley's own uncontradicted response to interrogatories propounded by plaintiffs establish the purpose for taking the promissory note. Godley described the consideration for the note as follows:

"11. Promissory note was given as additional security for obligation of Lemon Tree Inn of Wilmington, Inc. Consideration was forbearance of Godley Construction Co., Inc., to institute suit."

It is clear that the noteholder was not acquiring *additional* security, but was taking as security under the deed of trust the identical property subject to the asserted lien. The counterclaim

filed in the prior dispute to perfect the lien and notice of *lis pendens* described the identical property subject to the deed of trust securing Lemon Tree Inn's note to Godley. Therefore, we need not decide whether one who takes security in addition to that security provided by the materialman's lien has waived his right to a lien. *See generally,* 65 A.L.R. at 304-308.

The note and deed of trust to Godley was given as security for the obligations of Lemon Tree Inn at the insistence of Godley. Not only was forbearance to foreclose on the lien consideration for the note and deed of trust, but there is some evidence that the figure $450,000 was a settlement of the amount due Godley for work and materials which, at the execution of the note, had not been billed to Lemon Tree Inn. Additionally, by becoming promisee of a fixed obligation, Godley became beneficiary of a lien of a higher order. By taking a deed of trust, Godley obtained the contractual remedy of a power of sale under the deed of trust in lieu of the statutory procedures for enforcing the materialman's lien. The advantage of the contractual remedy is not insignificant. Furthermore, whereas the proof of damages upon default on the obligations of a note is simple, a materialman enforcing a lien must prove the value of materials and services benefiting the encumbered land.

These are benefits Godley obtained by taking the note and deed of trust. In exchange therefor the right of foreclosure was suspended until 25 October 1975, the maturity date of the note. Therefore, the materialman's lien was renounced, since an action to enforce the lien would, by statute, have necessarily been instituted prior to the maturity of the note. *See* G.S. 44A-13.

The materialman's lien statutes are based upon equitable principles intended to benefit a general class of persons supplying labor and materials for the improvement of realty. *See Wallpaper Co. v. Peacock & Assoc., supra.* A beneficiary of that statute, who chooses to seek a contractual lien of a higher order, should be held to the contractual remedy of foreclosure which he has chosen to enforce the obligation. He should not be permitted to avoid his express contract and seek the aid of a statutory procedure which is equitable in nature. *Cf. Charles K. Spaulding Logging Co. v. Ryckman, supra,* (the remedy must be sought within the contract of the parties and not under the statute).

We also note the difficulty a contrary rule could present to those persons relying on county land records. One who finds a deed of trust in the obligor's chain of title covering the identical property as would be subject to a materialman's lien should be entitled to rely on that as settlement of the obligation when it is recorded prior to perfection of the lien and the maturity date of the note extends beyond the period of perfection. *Cf. Gorman v. Sagner*, 22 Mo. 137 (1855) ("third persons who act upon the faith of such conduct should not be deceived and disappointed of their just expectations").

The trial court's granting of plaintiffs' motion for summary judgment against defendant, Godley Construction Company, Inc., is

Affirmed.

Judges VAUGHN and WEBB concur.