ELECTRIC SUPPLY CO. OF DURHAM, INC., Plaintiff v. SWAIN ELECTRICAL CO., INC., DAVIDSON AND JONES CONSTRUCTION COMPANY, and WINSTONS VENTURE I, a North Carolina Partnership, Defendants

No. 8914SC597

(Filed 6 March 1990)

**Laborers' and Materialmen's Liens § 3 (NCI3d)— second tier subcontractor — right to mechanic's lien — money owed to general contractor but not first tier subcontractor**

A second tier subcontractor has a right to a mechanic's lien against the owner's property when the first tier subcontractor has been fully paid but the owner still owes money to the general contractor. N.C.G.S. § 44A-18; N.C.G.S. § 44A-23.

**Am Jur 2d, Mechanics' Liens §§ 67, 70.**

ELECTRIC SUPPLY CO. v. SWAIN ELECTRICAL CO.

[97 N.C. App. 479 (1990)]

APPEAL by plaintiff from judgment in favor of defendants Davidson and Jones Construction Company and Winstons Venture I entered 23 February 1989 in DURHAM County Superior Court by *Judge F. Gordon Battle*. Heard in the Court of Appeals 14 November 1989.

Winstons Venture I, a partnership, was at all relevant times the owner of a tract of land at 1818 Hillandale Road in Durham. In 1986 the owner hired Davidson & Jones Construction Company of Raleigh to be the general contractor on a project at this site. Davidson & Jones in turn hired Swain Electric Company, Inc., on 5 September 1986, as a subcontractor to install electrical systems in the project. Swain Electric Company, Inc., subcontracted with the plaintiff, Electric Supply Company of Durham, Inc., to supply electrical materials to the job site for incorporation into the construction project. Electric Supply Company of Durham, Inc., the plaintiff and appellant in this case, thus became a second tier subcontractor under G.S. § 44A-1 *et seq.*; Swain Electric Company, Inc. (Swain), the first tier subcontractor; Davidson & Jones, the contractor; and Winstons Venture I, the owner.

From 9 December 1986 to 5 May 1987, the plaintiff supplied Twenty Thousand Seven Hundred Eighteen and 11/100 Dollars ($20,718.11) of materials to Swain for which payment was not received from any party. On 18 May 1987, Electric Supply Company of Durham, Inc., properly filed and served on all defendants a Notice of Claim of Lien and a Claim of Lien securing an interest in funds sufficient to pay for the delivered materials.

Work continued on the construction project for months after 18 May 1987, and the owner continued to make payments to the general contractor for the work in progress during this time. On 30 September 1987, within one hundred eighty (180) days of the last furnishing of materials to the job site, Electric Supply, the plaintiff-appellant, filed this action to enforce payment of its lien. On 18 September 1987, the general contractor posted a bond pursuant to G.S. § 44A-16(6), cancelling a lien upon funds in its hands which might be owed to Swain Electric Company, Inc.

After receipt of the Notice of Claim of Lien and Claim of Lien, the owner released no payment to Swain (the first tier subcontractor) but did release payment to the contractor in an amount greater than the plaintiff's lien claim.

ELECTRIC SUPPLY CO. v. SWAIN ELECTRICAL CO.

[97 N.C. App. 479 (1990)]

The trial court, ruling that the plaintiff's lien was limited to any amount owing to the first tier subcontractor Swain from the defendants-appellees at the time of the receipt of the lien notice, denied plaintiff any relief.

*Pulley, Watson, King & Hofler, P.A., by R. Hayes Hofler, III and Michael J. O'Foghludha, for plaintiff-appellant.*

*Manning, Fulton & Skinner, by John I. Mabe, Jr., for defendants-appellees.*

LEWIS, Judge.

The sole issue on this appeal is whether a second tier subcontractor has a right to a mechanic's lien against the owner's property when the first tier subcontractor has been fully paid but the owner still owes money to the general contractor. The lien rights claimed by plaintiff are governed by Chapter 44A. G.S. 44A-18, "Grant of lien; subrogation; perfection" provides in pertinent part:

> A second tier subcontractor who furnished labor or materials at the site of the improvement shall be entitled to a lien upon funds which are owed to the first tier subcontractor with whom the second tier subcontractor dealt and which arise out of the improvement on which the second tier subcontractor worked or furnished materials. A second tier subcontractor, to the extent of his lien provided in this subdivision, shall also be entitled to be subrogated to the lien of the first tier subcontractor with whom he dealt provided for in subdivision (1) and shall be entitled to perfect it by notice to the extent of his claim.

G.S. 44A-18(2).

Under this statute, a subcontractor's direct lien rights are limited to the amount owing to the entity above him in the construction chain. *Id.* Thus, if nothing is owing to the first tier subcontractor at the time of the filing of the lien claim, the second tier subcontractor has no right to enforce this lien under the plain language of the statute. *Mace v. Construction Co.*, 48 N.C. App. 297, 304, 269 S.E.2d 191, 195 (1980).

The trial court found as fact that after receipt of the notice of claim of lien, no funds were owing to the first tier subcontractor by reason of the work performed by the latter on the job site. Plaintiff concedes that based on these circumstances, it has no

lien rights under G.S. 44A-18. Instead, plaintiff argues that it may assert its lien under G.S. 44A-23. G.S. 44A-23 provides:

Contractor's Lien; Subrogation Rights Of Subcontractor.

A first, second or third tier subcontractor, who gives notice as provided in this Article, may, to the extent of his claim, enforce the lien of the contractor created by Part 1 of Article 2 of this Chapter. The manner of such enforcement shall be as provided by G.S. 44A-7 through 44A-16. . . . Upon the filing of the notice and claim of lien and the commencement of the action, no action of the contractor shall be effective to prejudice the rights of the subcontractor without his written consent.

Plaintiff argues that this statute affords a separate lien option to tiered subcontractors. Asserting that it is the lien rights of the contractor (Davidson & Jones) that are at issue in 44A-23, not the lien rights of the first tier subcontractor, payment of the first tier subcontractor is irrelevant when considering the rights of the second tier to assert his claim against the owner. As long as the contractor had lien rights based on its contract with the owner on or after the receipt of the plaintiff's notice, the argument is that the owner should have paid the plaintiff's claim, as the plaintiff was subrogated to the rights of the contractor under 44A-23. The defendants protest this construction, arguing instead that 44A-23 only allows a second tier subcontractor to enforce his lien "to the extent of his *claim*"; his claim being limited by 44A-18, which restricts the extent of the subcontractor's lien to that of the party above him. We disagree with the defendants' position and reverse.

A basic rule of construction is that statutes dealing with the same subject matters must be construed *in pari materia* as together constituting one law, and harmonized to give effect to each other. *Williams v. Williams*, 299 N.C. 174, 180, 261 S.E.2d 849, 854 (1980). "The act must be considered as a whole and none of its provisions shall be deemed useless or redundant if they can be reasonably considered as adding something to the act which is in harmony with its purpose." *Id.*

Applying the stated rules, Chapter 44A must be construed *in pari materia*. These statutes are based upon equitable principles intended to benefit a general class of persons supplying labor and materials for the improvement of realty. *Miller v. Lemon Tree Inn of Wilmington, Inc.*, 39 N.C. App. 133, 140, 249 S.E.2d 836, 841 (1978).

ELECTRIC SUPPLY CO. v. SWAIN ELECTRICAL CO.

[97 N.C. App. 479 (1990)]

> The purpose of the materialman's lien statute is to protect the interest of the supplier and the materials it supplies; the materialman, rather than the mortgagee, should have the benefit of materials that go into the property and give it value.

*Carolina Builders Corp. v. Howard-Veasey Homes, Inc.*, 72 N.C. App. 224, 229, 324 S.E.2d 626, 629, *disc. rev. denied*, 313 N.C. 597, 330 S.E.2d 606 (1985).

While it is true that G.S. 44A-23 does expressly limit the tiered subcontractor's lien only "to the extent of his claim," we do not read this language to mean "to the extent of his claim as permitted by G.S. 44A-18." G.S. 44A-23 expressly preserves the rights of a first, second or third tier subcontractor to enforce the lien of the general contractor. This construction is further supported by the inclusion of the language that upon filing of the notice and claim of lien "no action of the contractor shall be effective to prejudice the rights of the subcontractor without his written consent." This language, not found in G.S. 44A-18, indicates that the legislature intended for the subcontractor to be secured by a mechanic's lien to the full extent of his claim.

It is also significant to note that although the rights of subcontractors of the first and second tier are governed by a number of different strictures, none distinguishes between these two classes of claimants. Significantly, under 44A-21 claims on the lienable funds are to be apportioned *pro rata* among all subcontractors without regard to their rank. Furthermore, in all of the reported cases in which subrogation was used to defeat a mechanic's lien claim, it was the *general* contractor who had no surviving right to which the claimant could be subrogated. *See Builders Supply v. Bedros*, 32 N.C. App. 209, 231 S.E.2d 199 (1977); *Mace v. Bryant Construction Corp.*, 48 N.C. App. 297, 269 S.E.2d 191 (1980). In order to protect the owner from double payment, the statutes provide and case law confirms that the subrogation theory limits subcontractors to the unpaid claims of the general contractor. Prior payment to intermediary first tier subcontractors does not bar the claims of second tier subcontractors.

Defendants argue that it is inequitable to force the owner to pay twice for the same work. However, the owner has the benefit of the improvement of his real property and can fully protect himself by requiring performance bonds. The inequity to the

second tier contractor, who would receive nothing is far greater and is contrary to the purpose of Chapter 44A.

Plaintiff substantially complied with the notice and filing provisions of Chapter 44A. The trial court erred in denying plaintiff's claim and we remand this case to the trial court for consideration of plaintiff's mechanic's lien rights under 44A-23 in conformity with this opinion.

Reversed and remanded.

Judges JOHNSON and COZORT concur.